```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case Nos. |
| LIABILITY LITIGATION | * | 4:12-cv-299 (Hutto) |

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Nancy Hutto was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Hutto brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Hutto also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on Hutto's fraudulent concealment claim. For the reasons set forth below, Mentor's partial summary judgment motion (ECF No. 48 in 4:12-cv-299) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Nancy Hutto saw Dr. Jonathan Vukovich for treatment of stress urinary incontinence.  Dr. Vukovich implanted Hutto with ObTape on May 18, 2004.  Hutto contends that she experienced complications that were caused by ObTape, including an erosion that Dr. Vukovich treated in 2009.

Hutto is an Alabama resident whose ObTape-related treatment took place in Alabama.  She asserts claims for negligence, strict liability, and fraudulent concealment.

DISCUSSION

Hutto filed her action in Hennepin County District Court of the State of Minnesota and served Mentor with the Complaint on October 11, 2012.  Mentor removed this action to the United States District Court for the District of Minnesota.  The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape.  The parties agree for

2

purposes of summary judgment that Minnesota law applies to Hutto's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor seeks summary judgment on Hutto's fraudulent concealment claim. Mentor argues that Hutto did not point to sufficient evidence on causation. The Court agrees. Hutto's fraudulent concealment claim is based on her contention that Dr. Vukovich relied on Mentor's representations regarding ObTape's risks in recommending ObTape for her but that Mentor concealed the true risks of erosion and infection from him. Hutto pointed to evidence that Dr. Vukovich would consider information from a product manufacturer in determining whether a product's risk is significant. But she did not point to any evidence that Dr. Vukovich would have decided not to use ObTape to treat her if Mentor had disclosed accurate erosion and infection rates. She also did not point to any evidence that Dr. Vukovich would have told her about the erosion and infection rates had Mentor disclosed them to him. Rather, she pointed to evidence that Dr. Vukovich did not typically rely on clinical study results for products with which he had clinical experience, like ObTape. Vukovich Dep. 62:1-8, ECF No. 49-3 ("So, like I said, if

3

nationally, across the board there's a 20 percent complication rate with something, but my complication rate is 2 percent, I don't see any reason why that 20 percent number would be applicable to that patient if I'm the person doing the operation, if my rates are significantly lower."). She also pointed to evidence that if Mentor had told Dr. Vukovich that it had begun to see an increased number of erosions in ObTape patients, that "wouldn't have changed how [he] counseled the patients." Vukovich Dep. 100:11-13, ECF No. 49-3. Information about erosion rates may have affected how Dr. Vukovich closed his vaginal incisions to prevent erosions, *id.* at 100:16-23, but Hutto did not point to evidence that her 2009 erosion was caused by how Dr. Vukovich closed her incision five years earlier in 2004. She also did not point to evidence that disclosure of the concealed facts regarding erosion and infection rates would have made any other difference in Dr. Vukovich's treatment of her. Finally, Hutto pointed to no evidence that had Dr. Vukovich disclosed the concealed facts to her that she would have likely gone to another physician who would have taken a different course than the one taken by Dr. Vukovich. Her fraudulent concealment claim thus fails.

## CONCLUSION

Mentor's partial summary judgment motion (ECF No. 48 in 4:12-cv-299) is granted, and Hutto's fraudulent concealment

4

claim is dismissed.  Her negligence and strict liability claims remain pending for trial.

**Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.**

IT IS SO ORDERED, this 29th day of February, 2016.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            CHIEF U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA